LIPPENCOTT, Administrator, *v.* WYGANT.

Motion to amend a record. The motion was founded on affidavit, made by the attorney of the defendant, which stated that on, &c., the affiant filed in said Court, as exhibits in said cause, two writings obligatory for the payment of money payable to *B.*, and assigned by the payee to the defendant's intestate. These exhibits are referred to in the following entry of record in said cause: " This day come the complainant and the defendant, &c., and on said defendant's motion he has leave, and now files the exhibits named in the answer of said defendant as of the date of the filing of said answer, the complainant objecting, &c." A transcript of the record of said cause, certified to the Supreme Court, showed that said exhibits were not on file in the Circuit Court and could not be made a part of the record. The affiant kept no copies of said exhibits, but he said he had stated the substance of them. The object of the motion was to have the record so amended that the substance of the exhibits as sworn to, might appear of record. *Held,* that the motion should have been sustained.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—At the *October* term, 1847, of the *Marion* Circuit Court, *Lippencott*, administrator, made a motion to amend the record of a certain suit in chancery, in which suit he and others were defendants, and one *Wygant* was complainant.

The motion was founded on an affidavit made by the attorney of *Lippencott*, which affidavit stated the following facts:

On the 4th of *May*, 1846, the affiant, as attorney of *Lippencott*, filed in said Court, as exhibits in said cause, two writings obligatory for the payment of money, both payable to one *Buchanan* and assigned by the payee to *Lippencott's* intestate. These exhibits are the same that are referred to in the following entry of record in said cause, which entry was made at the time the exhibits were filed: " This day come the complainant and the defendant, *Lippencott*, and, on said defendant's motion, he has leave and now files the exhibits named in the answer of said defendant as of the date of the filing of said answer, the complainant objecting, and time is given." A transcript of the record of said cause, certified to the Supreme Court, showed that said exhibits were not on file in the Circuit Court, and could not be made a part of the

record. The affiant kept no copies of said exhibits, but he sets out the substance of them in his affidavit. It was material to *Lippencott* that said exhibits should appear as part of the record.

The object of the motion in question was to have the record of said cause so amended that the substance of said exhibits, as set out in the affidavit, might appear of record.

The complainant objected to the motion. In support of his objection, he introduced *Lippencott's* said answer. That answer describes said writings obligatory, and shows them to have been material to *Lippencott's* defence.

The complainant also showed, by the record of the Circuit Court, that said suit in chancery was, on the 9th of *May*, 1845, submitted by the parties to the Court for hearing and decree upon bill, exhibits therein, answers, cross-bills, defaults, and depositions; and that, while said cause was under advisement, to-wit, on said 4th of *May*, 1846, the order of the Court described in said affidavit was made and entered in the cause.

The Court overruled the motion.

We think the motion should have been sustained. The writings obligatory, which *Lippencott's* attorney had filed, under an order of the Court, as exhibits in the cause, and which were material to *Lippencott's* defence, had been lost. How the loss was occasioned did not appear. It was surely proper, under those circumstances, that the loss, if possible, should be supplied. The attorney who filed the exhibits not having kept copies of them, furnished the Court with a written description, under oath, of the substance of the exhibits. That description (nothing appearing to affect its correctness) should have been received, and the record amended accordingly. What would have been the effect of the amendment is another question, which is not now before us.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded. Costs here.

*O. H. Smith*, for the plaintiff.

*H. C. Newcomb*, for the defendant.